MERRIMAN S SMITH, Judge.
On the thirty first day of March, HH4, Henry R. Brady, claimant, about four o’clock in the morning, was walking along the public highway on his way home Irom work, at a point about one hundred and (illy leet past the intersection of the Panther Hick Run Road to McCurdesville and the Grant d own to H'airview road, in the direction of Hairview, Marion county, and while so walking down this hill or sleep grade, slipped on *168 ice and fell, sustaining a compound transverse fracture of the right tibia, middle third. A fellow-miner by the name of Joseph Klara was walking alongside of him when he slipped and broke his leg. This stretch of road was built of concrete and it is a secondary road maintained by the state road commission, and from the evidence presented the road is built on solid rock and the ditch line and berm is rather short. During the night the water ran down over a part of the highway and ice accumulated thereon, whereupon the claimant alleges negligence on the part of the state road commission employees.
This court has held that the state does not guarantee freedom from accident or safety of pedestrians on its public highways, and the duty of the state or highway commission in the matter of the removal of obstruction caused by snow or ice is a qualified one.
The claimant, Brady, had been walking this road for a month immediately preceding the accident and was undoubtedly familiar with its grade and conditions prevailing at the time. Also, from the evidence, it appears that this same leg was broken in 1936 in practically the same place, and he was under treatment for a period of four years, not returning to his work until 1941. It is unfortunate that this accident should have occurred, but the state did provide hospitalization and surgical treatment for him under the department of public assistance. The members of the court entertain the greatest sympathy for him, yet it would appear from the evidence that the state road commission or its employees were not guilty of negligence. Under the general law the state is not liable to persons injured upon its public highways by reason of defects therein and since our state has not by general law assumed liability for the negligence of its officers and agents, the opinions of the Court of Claims to the Legislature depend upon the facts of each particular case as they may arise from time to time, and wherein a moral obligation, or under equity and good conscience a duty for the sake of public policy, prevails.
An award is denied and the case is dismissed.